### CRUZE v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11385. Decided Nov 10, 1930

Harold T. Gassoway, Cleveland, for Cruze.
Norman A. Ryan and H. H. Burton, both of Cleveland, for State.

CLINE, J.

The case of **Porello vs State, 121 Oh St 220**, held:

"A police officer of a municipality is authorized without a warrant to arrest a person found on the public streets of the corporation carrying concealed weapons in violation of **12819 GC**. although such police officer has no previous personal knowledge of the fact, if he acts bone fide and upon such information as induces an honest belief that the person arrested is in the act of violating the law."

"When a person is rightfully arrested upon a charge of carrying concealed weapons contrary to law, the revolver which is taken in custody of the police is admissible in evidence upon the trial, and upon motion of the defendant to return such revolver or suppress it as evidence, the trial court does not commit error in refusing such application."

We hold that the decision of the Supreme Court controls the decision in this case. The officer without doubt acted in good faith and upon the belief that the defendant was engaged in the operation of some scheme of chance. The discovery of the clearance slips, which the evidence shows are sometimes used in promoting games of chance, was not beyond the authority of the police officer and the trial court did not commit error in permitting the slips to be used in evidence.

The record is completely silent as to the participation by defendant in promoting a game of chance. The possession of the slips alone in the automobile of defendant, is not sufficient to prove he operated a game of chance. The case is quite similar in authority and theory to the cases decided by this court that the possession of liquor in a private home, without any evidence of trafficking therein, is not in violation of law. The mere possession of gambling instruments is not sufficient to show that a game of chance was promoted. If the defendant had been charged with the possession of gambling paraphernalia and there was some evidence tending to show he possessed it for the purpose of gambling, the conviction might be upheld.

We have searched the record and find it to be absolutely silent as to what use the clearance slips were put, or whether

the defendant himself was engaged in the use of these clearance slips.

The law guarantees to every person the right to have an accusation against him and that the offense with which he is charged shall be proved beyond the existence of a reasonable doubt, before he is found guilty.

Sufficient evidence of guilt may be shown by the circumstances surrounding the parties and the place in which it is found, and such other indicia of unlawful purpose from which the court or jury might reasonably infer that the person accused had been guilty of the offense charged.

There being no evidence to support the allegations of the affidavit upon which defendant's arrest was caused, the judgment of the lower court is hereby reversed and the plaintiff in error is discharged.

Vickery, PJ, and Levine, J, concur in judgment.